UNITED STATES of America, Appellee,

v.

Janet Gill BOETTCHER, Appellant.

No. 78–5105.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1978.

Decided Dec. 8, 1978.

Zachary B. Cotner, Falls Church, Va., for appellant.

Leonie M. Brinkema, Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Circuit Judge, COWEN,[*] Senior Judge, and RUSSELL, Circuit Judge.

PER CURIAM:

The defendant appeals her conviction of knowingly harboring a person for whom a warrant had been issued under "any law of the United States" in order to prevent that person's arrest in violation of § 1071, 18 U.S.C. The arrest warrant involved was issued by a Judge of the Superior Court of the District of Columbia under the authority of § 561(c), Title 23, District of Columbia Code. It was the defendant's position at trial that such a warrant did not qualify as one issued under a "law of the United States," within the terms of § 1071. After the jury had rendered its verdict, the defendant made a motion in arrest of judgment on this ground. The district court denied the motion and the defendant was subsequently sentenced. This appeal followed.

---

[*] Wilson Cowen, Senior Judge, United States Court of Claims, sitting by designation.

**90**

The defendant raises as her single ground of appeal the contention that her conviction was improper, since the arrest warrant in question was not issued under a "law of the United States." We do not find the contention persuasive. Under the terms of the District of Columbia Code,[1] the Congress authorized Judges of the Superior Court of that District to issue search warrants subject to the procedures set out in Title 23 of that Code. In Title 23, Congress provided that an arrest warrant so issued by a Judge of such Superior Court could be directed to a "specific law enforcement officer"[2] defined in § 501(2) of the same Title to include, among others, "an investigative officer or agent of the United States," with the further provision that if the warrant covered a felony, it could "be served at any place within the jurisdiction of the United States."[3]

The arrest warrant in this case covered a felony and was directed to any United States Marshal. Such an arrest warrant, properly directed to an United States officer, and capable of being served "at any place within the jurisdiction of the United States" is not confined in its authorization to the District of Columbia as a jurisdictional entity but its authority is as extensive as "the jurisdiction of the United States." A warrant, which, under the appropriate Congressional legislation, can thus be served by any officer of the United States anywhere in the United States, cannot be said, as the defendant argues, to be "purely one of local application within the District of Columbia," confined exclusively to the reaches of the District itself, and "without any effect throughout the United States." In giving to such a warrant nation-wide reach, the Congress was exercising its power as a na-

tional and not as a strictly local legislature. Such an exercise of national power, it seems to us, qualifies as a "law of the United States" within the intendment of § 1071. The district court accordingly did not err in so ruling, and the conviction of the defendant is

AFFIRMED.

1.  11, District of Columbia Code § 941, provides in pertinent part:

    "Subject to title 23, judges of the Superior Court may, at any time, including Sundays and legal holidays, on complaint or application under oath or actual view, issue warrants for arrest . . . in connection with crimes and offenses committed within the District of Columbia . . . ." (July 29, 1970, Pub.L. 91–358, § 111, Title I, 84 Stat. 487).

2.  23, District of Columbia Code § 561(c), provides that:

    "An arrest warrant may be directed to a specific law enforcement officer or to any classifications of officers of the Metropolitan Police of the District of Columbia or other agency authorized to make arrests or execute process." (July 29, 1970, Pub.L. 91–358, § 210(a), Title II, 84 Stat. 627).

3.  23, District of Columbia Code § 563(a).